PER CURIAM.
Keith Shawn Ellis appeals his convictions for possessing cocaine, marijuana, paraphernalia, and a concealed weapon. Because Ellis has not shown that he was prejudiced by the trial court’s denial of his motion to continue and the record shows that Ellis had notice of the State’s intent to seek a habitual sentence, we affirm.
On July 3, 1997, the trial court appointed a defense expert,'Neil Krupp, M.D., to evaluate Ellis’s “emotional condition.” On the day of trial, Ellis’s attorney moved for a continuance because he had not yet arranged for the evaluation. The trial court denied the motion. We review the denial of a motion for a continuance under an abuse of discretion standard. See Gorby v. State, 630 So.2d 544, 546 (Fla.1993). “An abuse of discretion is generally not found unless the court’s ruling on the continuance results in undue prejudice to the defendant.” Fennie v. State, 648 So.2d 95, 97 (Fla.1994).
The State contends, and we agree, that the record does not show that Ellis suffered undue prejudice by the denial of his motion. In moving for the continuance, the defense attorney stated that “there has been some evaluation of [Ellis], perhaps some medication stints in the past.” However, beyond this ■ statement, the defense attorney did not indicate why Ellis needed the expert’s evaluation in order to assist his defense. And, on the record before us, it does not appear that an issue of competency was ever raised in the trial court. We therefore conclude that the record does not show an abuse of the trial court’s discretion.
*728 Ellis .also asserts that'the record does not show that the State gave him written notice of its intent to seek a habitual offender sentence. However, in moving for the continuance, the defense attorney stated: “I know habitual offender notices have been filed.” Ellis had actual notice of the State’s intent. Accordingly, we affirm the judgment and sentence of the trial court.
Affirmed.
FULMER, A.C.J., and NORTHCUTT and SALCINES, JJ., Concur.